**KRAUS, In re KRAUS, Plaintiff-Appellee, v. LLOYD, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3461. Decided March 29th, 1943.

Bates, Skirvin & Varnan, Cincinnati, for plaintiff-appellee.

Thos. J. Herbert, Atty., Gen'l., David M. Spriggs, Asst. Atty. Gen'l., Columbus, for defendant-appellant.

**OPINION**

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of the appeal of defendant-appellant on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio. The plaintiff, Elmer C. Kraus, was first licensed by the Superintendent of Insurance in March, 1939, as an insurance agent to write insurance other than life insurance. From time to time thereafter he was relicensed until July 1, 1941, when his application for such

2

license was denied by the Superintendent of Insurance after a hearing, for the reason that the Superintendent was not satisfied that it was not for the purpose or intention of plaintiff appellee principally to solicit or place insurance on his own property or for that of his relatives or employers.

Plaintiff-appellee thereafter, within the time permitted by law, appealed to the Court of Common Pleas of Franklin County, and by proper action invoked the jurisdiction of that Court to review the finding of the Superintendent of Insurance pursuant to the provisions of §644 GC. Under the provisions of the section this action proceeded as a new civil action with the right of either party to submit evidence and to prosecute an appeal. The case came on for hearing on December 11, 1941, and at the close of the trial the Court orally announced that the Superintendent had abused his discretion in denying to plaintiff-appellee a license. Motion for new trial was immediately filed and overruled and judgment entered and journalized on December 15, 1941.

Within proper time the necessary steps were taken through which the case was lodged in our Court.

In substance the claimed error is that the judgment of the Common Pleas Court was against the manifest weight of the evidence. The defendant Superintendent presented no testimony other than the cross-examination of the plaintiff and through him the identification and submission of certain letters attached to the bill of exceptions as exhibits. The sole ground for the Superintendent's refusal to issue a license was his determination that it was applicant's purpose in securing a license principally to solicit or place insurance on applicant's own property or that of relatives, employers or employees.

Sec 644 GC, expressly provides that application for license shall be withheld where such is the purpose. The insurance Superintendent based his conclusion on the fact that the applicant had during the year 1940 written a larger volume of insurance upon his own property, relatives' and employees', than for persons outside those described in the statute.

It must be noted that the statute does not prohibit the writing of insurance upon an agent's own property or that of his relatives, employees or employers, but it only applies where the applicant is applying for a license for such principal purpose. According to the evidence the total premium on all insurance written by plaintiff since the procurement of his original license was $441.78. Of this amount $247.52 was on ac-

count of policies insuring the plaintiff-appellee himself or his close relatives; and $194.26 on other property which would not in any sense be evidence of an improper purpose. Of this amount, $137.31 premium was on policies secured after the Superintendent had by letter notified the plaintiff that he should appear on July 1st and show cause why he could qualify for the issuance of a license.

In the hearing before the Common Pleas Court the plaintiff disclaimed that his purpose in securing the renewal license was principally to write insurance on his own property, or that of his relatives or employees. He makes the statement that it is his purpose to purchase an agency when the opportunity arises.

He did not devote his entire time to writing insurance, but at the time of the hearing and for some months previous had been employed in a building and loan association. He said that he refrained from writing insurance for the benefit of the building and loan association because the president of the association had an agency and plaintiff did not desire to enter into competition with the president of the association. Through inquiry made by the trial court it was developed that the policies written upon plaintiff's property and those of his relatives were term policies, most of them for five years and others for three years. It was further brought out that plaintiff has no other properties of his own or any relatives who would or could be available for the writing of insurance for the coming year. In the trial court's opinion he reasoned that it could not be the purpose of plaintiff in making his present application to have in mind the writing of insurance in the prohibited class.

The section of the statute providing the conditions under which licenses shall not be issued does not disclose the purpose of this legislation. Counsel for plaintiff in his brief states that the purpose was to avoid the rebating of agent's commissions. If such be the purpose there was no evidence in the instant case that any rebating had taken place, but of course this would not necessarily be determinative for the reason that the section makes a positive declaration without the necessity of establishing the reason for such purpose. On the other hand, and as heretofore stated, an applicant is not prohibited from writing insurance on the property of any of the persons mentioned in the section of the statute. It solely and wholly deals with the question of purpose. It was the trial Court's viewpoint that there was no evidence supporting the finding of the Superintendent, but on the contrary, all the

evidence was to the effect that the plaintiff had no intention to write insurance on any of his own property or that of his relatives or employees or employers. As supporting evidence of this expression it was brought out in the evidence that neither himself, nor relatives or employees had any uninsured property to insure. Of course the basis for the Superintendent's conclusion was what had transpired in the past.

It must be understood that we are called upon to determine whether or not the trial court committed error in his reversal of the action of the Superintendent. We are not passing on the question originally, as to whether or not the Superintendent abused his discretion in refusing the license to plaintiff.

Viewed in this light, we are unable to say that it affirmatively appears that the judgment of the Common Pleas Court was erroneous.

Therefore, we affirm the judgment, at defendant's costs, and remand the cause for further proceeding according to law.

HORNBECK and GEIGER, JJ., concurring.